IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENIKLE LLC, | | |
| Plaintiff, | | Case No. 25-cv-1415 |
| v. | | |
| AMAZON.COM, INC.; AMAZON.COM, LLC; AMAZON.COM SERVICES LLC; AMAZON.COM SERVICES LLC FORMERLY KNOWN AS AMAZON.COM SERVICES, INC.; AMAZON.COM SERVICES, INC. FORMERLY KNOWN AS AMAZON FULFILLMENT SERVICES, INC.; AMAZON FULFILLMENT SERVICES, INC.; AMAZON.COM SALES, INC.; AMAZON PAYMENTS, INC.; and AMAZON CAPITAL SERVICES LLC, | | |
| Defendants. | | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Tenikle LLC ("Tenikle") hereby sues Defendants Amazon.com, Inc., Amazon.com LLC, Amazon.com Services LLC, Amazon.com Services LLC formerly known as Amazon.com Services, Inc., Amazon.com Services, Inc. formerly known as Amazon Fulfillment Services, Inc., Amazon Fulfillment Services, Inc., Amazon.com Sales, Inc., Amazon Payments, Inc., and Amazon Capital Services, Inc. (collectively "Amazon" and/or "Defendants"). In support of its claims, Tenikle alleges as follows:

**NATURE OF ACTION**

1.      This action arises from Amazon's sales of Tenikle's product on certain Amazon Standard Identification Numbers (ASINs), including but not limited to:  B0CL533KBS, B0CNDGQH8N, B0CNDY2YVY, B0CNDYNWY3, and B0CNDF49TW.  An example of the

listing for Tenikle's Flexible Tentacle (herein after "The Product") showing Amazon as the seller appears below:



An enlargement of listed seller appears below:

Ships from     Amazon.com
Sold by        Amazon.com

2.      Tenikle is a seller on the Amazon online marketplace operated by Defendants and utilizes the Fulfilled by Amazon service offered by Defendants. Tenikle shipped product to Amazon. Upon receipt of Tenikle's product, instead of processing the entirety of the received product for the benefit of Tenikle's account, Amazon converted Tenikle's product and began selling such converted product for the benefit of Amazon's own account and without the authorization of Tenikle.

3.      Tenikle incurred advertising costs on Amazon in anticipation of its product being properly credited to Tenikle's account.  Tenikle received substantial orders for its product. Amazon, however, cancelled the orders Tenikle had received.  Amazon is now competing directly against Tenikle for sales of Tenikle's product.

4.      Tenikle has been damaged by Amazon's actions and inactions, and such damages include, but are not limited to, the costs of the advertising purchased from Amazon, Tenikle's lost sales and profits thereon, Amazon's profits on the unauthorized sales, and the value of Tenikle's product converted by Tenikle.

5.      Tenikle has attempted to resolve this matter directly with Amazon.  Tenikle, however, has been told that there is nothing that Amazon can do.

## JURISDICTION AND VENUE

6.      This Court has diversity jurisdiction over certain clams in this action under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7.      This Court has original subject matter jurisdiction over certain claims in this action pursuant to the provisions of the Patent Act and the Lanham Act under 28 U.S.C. § 1338 and 15 U.S.C. § 1121 respectively.  Upon information and belief, Defendants have committed acts of infringement and have regular and established places of business in this judicial district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants reside within this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district when the Defendants shipped the products at issue into this judicial district.

## THE PARTIES

9.      Plaintiff, Tenikle LLC, is California limited liability company with a principal place of business located at 101 North Acacia Avenue, 108, Solana Beach, California 92075.

10.      Upon information and belief, Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

11.      Upon information and belief, Defendant Amazon.com LLC is a limited liability company that is organized under the laws of the state of Delaware with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

12.      Upon information and belief, Defendant Amazon.com Services LLC is a limited liability company that is organized under the laws of the state of Delaware with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

13.      Upon information and belief, Defendant Amazon.com Services LLC formerly known as Amazon.com Services, Inc. is a limited liability company that is organized under the laws of the state of Delaware with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

14.      Upon information and belief, Defendant Amazon.com Services, Inc. formerly known as Amazon Fulfillment Services, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

15.      Upon information and belief, Defendant Amazon Fulfillment Services, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

16.      Upon information and belief, Defendant Amazon.com Sales, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

17.     Upon information and belief, Defendant Amazon Payments, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

18.     Upon information and belief, Defendant Amazon Capital Services, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue, Seattle, WA 98109.

## COMMON ALLEGATIONS

19.     Tenikle repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

20.     Tenikle is the exclusive licensee of U.S. Trademark Registration No. 5,556,114 ("the Tenikle Trademark") for TENIKLE for "holders specially adapted for use with handheld digital electronic devices, namely, cell phones and cameras."

21.     Tenikle is the owner of U.S. Patent No. 9,182,077 (the "'077 patent") for "TENTACLE GRIP SUCTION HOLDER FOR HANDHELD ELECTRONICS."

22.     Tenikle operates a business which, in part, sells, delivers and distributes a flexible, bendable tripod mount that uses a strong suction cup to attach to various surfaces.  The product is designed to work with smart-phones, cameras, and other devices.

23.     Tenikle sells through its own website, tenikle.com, and through the Amazon.com online marketplace.

24.     Plaintiff was featured on Shark Tank in 2023 and secured a deal with Daymond John.  After airing on Shark Tank, Tenikle sold out on Amazon.com within five minutes, hitting the number one spot in the phone mount category.  In just over a month and a half since the episode aired, Tenikle made $375,000 in sales.

25.     The unit price of the Tenikle product is $29.99.

26.    In anticipation of strong Q4 2024 sales on the Amazon.com online marketplace, Tenikle shipped product to Amazon.  Upon receipt of Tenikle's product and instead of processing the entirety of the received product for the benefit of Tenikle's account, Amazon converted a portion of Tenikle's product and began selling such converted product for the benefit of Amazon's own account and without the authorization of Tenikle.

27.    Upon information and belief, Amazon shipped products into this judicial district.

28.    Amazon now directly competes with Tenikle for sales to customers on the Amazon.com online marketplace including customers in this judicial district.

**COUNT I**
**(Plaintiff vs. All Defendants)**
**CONVERSION**

29.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

30.    The elements of a conversion claim are: (1) the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, (2) without the owner's consent, and (3) without lawful justification.

31.    Amazon knew or should have known that Tenikle possessed title to the products Tenikle shipped to Amazon.

32.    Amazon deprived Tenikle of its right of property in or use or possession of the products shipped to Amazon that were not credited to the account of Tenikle.

33.    Amazon credited the products that were shipped to Amazon by Tenikle to the account of Amazon.com without lawful justification.

34.    As a result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

## COUNT II
### (Plaintiff vs. All Defendants)
### <u>UNJUST ENRICHMENT</u>

35.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

36.     Tenikle shipped product to Amazon with the expectation that upon receipt such products would be credited to the account of Tenikle.

37.     Upon receipt of products shipped by Tenikle, Amazon credited a portion of the products to the account of Amazon.com, not to the account of Tenikle.

38.     Amazon proceeded to sell the products owned by Tenikle, shipped to Amazon, and credited to the account of Amazon.com.

39.     Allowing Amazon to fully retain the profits from Tenikle's products credited to the account of Amazon.com without payment of value would be inequitable and unjust.

40.     As a result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

## COUNT III
### (Plaintiff vs. All Defendants)
### <u>MISAPPROPRIATION</u>

41.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

42.     Tenikle has made a substantial investment of time, effort, and money into creating and acquiring the product that was shipped to Amazon.

43.     Amazon has misappropriated control of Tenikle's product, such that Amazon's actions can be characterized as reaping where it has not sown.

44.     By failing to hand over control of Tenikle's product, Amazon has appropriated Tenikle's right to control its own product.

45.     As a direct and proximate result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

### COUNT IV
### (Plaintiff vs. All Defendants)
### <u>TRESPASS TO CHATTELS</u>

46.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

47.     Plaintiff has a right to the product shipped to Amazon that was supposed to be provided in exchange for the Fulfilled by Amazon service.

48.     Amazon intentionally interfered with the rights of the Plaintiff when Amazon took the product and failed to provide the agreed upon Fulfilled by Amazon service all while retaining the payment from the Plaintiff.

49.     Plaintiff did not consent to Amazon selling the product for the benefit of Amazon's own account.

50.     Amazon's retention of the monies paid by Plaintiff without providing the services for which it paid, deprived Plaintiff of the benefits for which the monies were paid.

51.     Plaintiff was intentionally dispossessed of its product at the hands of Amazon, when it began selling the product for the benefit of Amazon's own account, which further caused harm to Plaintiff in that the Amazon has retained the monies pre-paid for services not rendered.

52.     As a result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

### COUNT V
### (Plaintiff vs. All Defendants)
### <u>TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS</u>

53.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

54.     The elements of a tortious interference with business relations claim are: (1) a prospective contractual relationship; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct.

55.     A prospective contractual relationship exists between Plaintiff and third parties in the form of future sales of the Tenikle product.

56.     Amazon purposefully or intentionally harmed the plaintiff by preventing the relation from occurring when Amazon sold Tenikle's product as Amazon's own and cancelled orders for Tenikle's product.

57.     Amazon did not have privilege or justification to sell Tenikle's product as Amazon's own or cancel orders for Tenikle's product.

58.     As a result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

## COUNT VI
### (Plaintiff vs. All Defendants)
### VIOLATION OF UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW

59.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

60.     Plaintiff and Amazon are "persons" under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1, et seq.

61.     The Fulfilled by Amazon and advertising services for the sale of Tenikle's product that Amazon purports to offer and receives payment for qualify as "trade" and "commerce," as the UTPCPL defines those terms.  73 P.S. § 201-2(3).

62.     Tenikle may bring a private action because the final consumer uses the Tenikle product for personal, family or household use.

63.     The UTPCPL declares as unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 21 of this act."  73 P.S. § 201-3.

64.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[p]assing off goods or services as those of another." 73 P.S. § 201-2(4)(i).

65.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[c]ausing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services." 73 P.S. § 201-2(4)(ii).

66.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[c]ausing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another." 73 P.S. § 201-2(4)(iii).

67.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have." 73 P.S. § 201-2(4)(v).

68.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[r]epresenting that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another." 73 P.S. § 201-2(4)(vii).

69.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[d]isparaging the goods, services or business of another by false or misleading representation of fact." 73 P.S. § 201-2(4)(viii).

70.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[a]dvertising goods or services with intent not to sell them as advertised." 73 P.S. § 201-2(4)(ix).

71.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[f]ailing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made." 73 P.S. § 201-2(4)(xiv).

72.     Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

73.     Amazon violated the UTPCPL by engaging in fraudulent and deceptive conduct which created the likelihood of confusion and misunderstanding.

74.     Specifically, Amazon's unfair methods of competition and/or unfair and/or deceptive acts include, but are not limited to:

(1) passing off the goods as a product sold by Tenikle;

(2) causing likelihood of confusion as to the approval of the goods by Tenikle;

(3) causing likelihood of confusion as to the affiliation with Tenikle;

(4) representing that the product has sponsorship, approval, characteristics, ingredients, uses, benefits or quantities associated with an authorized Tenikle product when it does not;

(5) representing that the product is of a particular standard associated with Tenikle despite being unauthorized by Tenikle;

(6) disparaging Tenikle through the misleading representation that the sale of the product is authorized by Tenikle;

(7) advertising the product as authorized by Tenikle with the intent to sell the product unauthorized;

(8) failing to comply with the terms of any written guarantee or warranty given to the buyer as Amazon does not have the power to enforce any Tenikle guarantees or warranties; and

(9) engaging in other fraudulent and deceptive conduct that created a likelihood of confusion and misunderstanding surrounding the Tenikle product.

75.    Plaintiff suffered ascertainable losses that necessarily flowed directly from Amazon's fraud, deceit and/or unfair practices.

76.    Plaintiff justifiably relied on Amazon's knowingly false representations that they would provide a fulfillment service to sell Tenikle's product.

77.    Amazon's conduct in this regard was intentional, wanton, wrongful, reckless, and outrageous, and Amazon knew or should have known it was committing unfair and deceptive acts and practices in violation of the UTPCPL, which constitutes a violation of the UTPCPL.

78.    Accordingly, Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, treble damages, costs and reasonable attorneys' fees, and/or other additional relief as the Court deems necessary or proper.

**COUNT VII**
**(Plaintiff vs. All Defendants)**
**BREACH OF CONTRACT**

79.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

80.    Plaintiff entered into a contract with Amazon for the Fulfilled by Amazon service, which required payment up front.  A copy of the contract is attached as **Exhibit 1**.

81.    Amazon is in possession of the contract between Plaintiff and Amazon.

82.    When Plaintiff paid Amazon for the Fulfilled by Amazon service, Amazon agreed to, among other things, take possession of the product and process the entirety of the product for the benefit of Tenikle's account.

83.    When Plaintiff paid Amazon for the Fulfilled by Amazon service, Amazon agreed to, among other things, compensate Plaintiff for loss or damage to any Tenikle products while being stored.

84.    When entering into this contract, Plaintiff reasonably believed and expected that Amazon would take possession of the product and process the entirety of the product for the benefit of Tenikle's account.

85.    When entering into this contract, Plaintiff reasonably believed and expected that Amazon would compensate Plaintiff for loss or damage to any Tenikle products while being stored.

86.    This contract has an implied covenant of good faith and fair dealing.

87.    Plaintiff fully performed its obligations under the contract with Amazon by paying for the Fulfilled by Amazon service and shipping the product to Amazon.

88.    Amazon breached the contract with Plaintiff by failing to process the entirety of the product for the benefit of Tenikle's account.  Amazon took payment and possession of Plaintiff's product but never processed the entirety of the product for the benefit of Tenikle's account.  Despite this, Amazon retained monies paid by Plaintiff.  Plaintiff has therefore been denied the benefit of the bargain.

89.    Amazon breached the contract with Plaintiff by failing to compensate Tenikle for loss or damage to its products while being stored.  Amazon took payment and possession of the product and sold the product as its own equating to a complete loss of the Tenikle product sold from storage.  Despite this, Amazon retained monies paid by Plaintiff.  Plaintiff has therefore been denied the benefit of the bargain.

90.    Amazon breached the implied covenant of good faith and fair dealing by: (1) cancelling orders Tenikle received; (2) competing directly against Tenikle for sales of Tenikle's product; (3) and failing to resolve the matter with Tenikle.

91.    As a direct and proximate result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

**COUNT VIII**
**(Plaintiff vs. All Defendants)**
**FRAUD IN THE INDUCEMENT**

92.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

93.    Amazon, in exchange for payment, represented to Plaintiff that it would process the entirety of the received product for the benefit of Tenikle's account.

94.    Amazon, in exchange for payment, represented to Plaintiff that it would compensate Tenikle for loss or damage to Tenikle's product while in storage.

95.     Plaintiff would not have provided Amazon with payment or possession of the product without Amazon's representations.

96.     Amazon knew that its representations were false, and that it had no plan on living up to the representations made in exchange for payment from Plaintiff.

97.     Amazon only made those representations in order to obtain payment and the product from Plaintiff.  Amazon knew that without those representations, Plaintiff would not provide Amazon with payment or the product.

98.     Plaintiff reasonably expected Amazon to perform as promised, and justifiably relied on its statements as a company who has been in business for decades.

99.     As a result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

**COUNT IX**
**(Plaintiff v. All Defendants)**
**NEGLIGENCE**

100.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

101.     Amazon owed a duty under common law to Plaintiff to exercise reasonable care in receiving and processing the product for the benefit of Tenikle's account.

102.     Amazon breached this duty by, including but not limited to:

(1) failing to properly process the product for the benefit of Tenikle's account;

(2) processing the product for the benefit of Amazon's own account; and/or

(3) mishandling Tenikle's product.

103.    As a direct and proximate cause of Amazon's breach of duty, Tenikle has been injured.

104.    As a result of Amazon's conduct, Tenikle has suffered damage in an amount in excess of $75,000.

## COUNT X
### (Plaintiff vs. All Defendants)
### PATENT INFRINGEMENT

105.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

106.    Amazon has directly infringed and continues to directly infringe at least claim 1 of the '077 patent (either literally or under the doctrine of equivalents) without authority and in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States the accused products that satisfy each and every limitation of at least claim 1 of the '077 patent.

107.    Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '077 patent without authority and in violation of 35 U.S.C. § 271(b) by knowingly and intentionally inducing others, including end users of the accused products, to directly infringe (either literally or under the doctrine of equivalents) by making, using, offering to sell, selling and/or importing into the United States the accused products that practice at least the method covered by claim 1 of the '077.

108.    Amazon, with knowledge that the accused products, or the use thereof, infringes at least claim 1 of the '077 patent by knowingly and intentionally inducing, and continuing to knowingly and intentionally induce, direct infringement of at least claim 1 of the '077 patent by providing these accused products to end users for use in an infringing manner.

109.    Amazon induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe at least claim 1 of the '077 patent.

110.    Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '077 patent without authority and in violation of 35 U.S.C. § 271(c) by knowingly and intentionally contributing to the direct infringement (either literally or under the doctrine of equivalents) by end users of the accused products by making, using, offering to sell, selling, and/or importing into the United States the accused products that practice the methods covered by the '077 patent, knowing the accused products are especially made and/or adapted for use in direct infringement of the '077 patent.  The accused products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

111.    Tenikle has suffered damage as a result of Amazon's direct and indirect infringement of the '077 patent in an amount to be proven at trial.

112.    Tenikle has suffered, and will continue to suffer, irreparable harm as a result of Amazon's infringement of the '077 patent for which there is no adequate remedy at law, unless Amazon's infringement is enjoined by this Court.

## COUNT XI
### (Plaintiff vs. All Defendants)
### TRADEMARK INFRINGEMENT

113.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

114.    Plaintiff is the owner of the Tenikle Trademark.

115.    Plaintiff has registered the Tenikle Trademark with the United States Patent and Trademark Office.

- 17 -

116.    The Tenikle Trademark is a valid and subsisting trademark in full force and effect.

117.    Amazon willfully and knowingly used, and continues to use, the Tenikle Trademark in interstate commerce for purposes of selling products bearing the Tenikle Trademark on the Internet without Plaintiff's consent.

118.    The products Amazon sells bearing the Tenikle Trademark are not authorized for sale by Plaintiff.

119.    The products Amazon sells bearing the Tenikle Trademark do not come with the Tenikle warranty.

120.    Tenikle has established and implemented legitimate and substantial quality controls that genuine Tenikle products must comply with.

121.    Tenikle abides by these quality controls and requires all of its authorized resellers to abide by these quality controls.

122.    Tenikle's quality controls are material, as they protect consumers and prevent them from receiving poor quality, damaged, and defective products.

123.    The products Amazon sells bearing the Tenikle Trademark are not subject to, do not abide by, and interfere with Tenikle's quality controls and customer service requirements.

124.    Because the products Amazon sells bearing the Tenikle Trademark do not come with the Tenikle warranty, and are not subject to, do not abide by, and interfere with Tenikle's quality controls and customer service requirements, the products Amazon sells are materially different from genuine Tenikle products.

125.    Because the products Amazon sells bearing the Tenikle Trademark do not come with the Tenikle warranty, and are not subject to, do not abide by, and interfere with Tenikle's

quality controls and customer service requirements, the products Amazon sells are not genuine Tenikle products.

126.    Amazon's unauthorized sale of products bearing the Tenikle Trademark interferes with Tenikle's quality controls and ability to exercise quality control over products bearing the Tenikle Trademark.

127.    Amazon's unauthorized sale of products bearing the Tenikle Trademark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Amazon offers come with the Tenikle warranty and are subject to and abide by Tenikle's quality controls when, in fact, they do not.

128.    Amazon's unauthorized sale of products bearing the Tenikle Trademark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Amazon offers for sale are genuine Tenikle products when, in fact, they are not.

129.    Amazon's unauthorized sale of products bearing the Tenikle Trademark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Amazon offers for sale are sponsored by, authorized by, or otherwise connected with Tenikle when, in fact, they are not.

130.    Amazon's unauthorized use of the Tenikle Trademark has infringed upon and materially damaged the value of the Tenikle Trademark and caused significant damage to Tenikle's business relationships.

131.    As a proximate result of Amazon's actions, Plaintiff has suffered, and continues to suffer immediate and irreparable harm.  Plaintiff has also suffered, and continues to suffer, damage, including but not limited to: loss of business, goodwill, reputation, working capital, and

profits; shutdowns; inventory freezes; and paused vendor communications in an amount to be proven at trial.

132.    Plaintiff is entitled to recover its damages caused by Amazon's infringement of the Tenikle Trademark and disgorge Amazon's profits from their willfully infringing sales and unjust enrichment.

133.    Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for Amazon's infringement and unless Amazon is permanently enjoined, Plaintiff will suffer irreparable harm.

134.    Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Amazon willfully, intentionally, maliciously, and in bad faith infringed on the Tenikle Trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)  In an amount in excess of $75,000, together with punitive damages, costs, and interest, and any further relief this Court shall deem necessary and just;

2)  That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:  using the Tenikle Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Tenikle Product or is not authorized by Plaintiff to be sold in connection with the Tenikle Works;

3) For Judgment in favor of Plaintiff against Defendants that they have:

    a. willfully infringed Plaintiff's rights in Plaintiff's federally registered patent pursuant to 35 U.S.C. §271;

    b. willfully infringed Plaintiff's rights in Plaintiff's federally registered trademark pursuant to 15 U.S.C. §1114;

    c. otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) For Judgment in favor of Plaintiff against Defendants for damages pursuant to 35 U.S.C. §271 in an amount to be determined at trial and that such amount be trebled;

4) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 15 U.S.C. §1117, at the election of Plaintiff, in an amount to be determined at trial;

5) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages as otherwise allowed pursuant to Defendants' acts and conduct set forth in this Complaint, at the election of Plaintiff, in an amount to be determined at trial;

6) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

/

/

/

/

/

/

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Respectfully submitted,

Dated:  September 15, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiff