IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TENIKLE LLC, Plaintiff, vs. AMAZON.COM, INC., et al Defendants, | ) ) ) ) ) ) ) ) ) | 2:25-CV-01415-MJH |

ORDER

Plaintiff has filed multiple Motions to Extend Time to File a Response (ECF Nos. 13, 15, 18, and 19) to this Court's July 16, 2026 Show Cause Order (ECF No. 12). Because Plaintiff has consistently ignored court orders, failed to communicate with defense counsel, and failed to follow through with court procedures, this case will be dismissed.

Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders. See, e.g., Fed.R.Civ.P. 37(b)(2)(A)(v); Fed.R.Civ.P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit summarized the six factors that courts must consider in deciding whether dismissal is warranted under Rule 41(b). The six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphases added and omitted). "[N]o single ... factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule 41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Here, a history of dilatoriness and willful conduct in this case weighs heavily in this Court's determination. First, this case was filed 11 months ago on September 15, 2026. (ECF No. 1). In that time period, the Court has no affirmative record that Defendant has been served. In a Praecipe to Issue Summons (ECF No. 4), the Plaintiff misrepresented that this Court had granted alternate service. The Court struck said Praecipe and ordered the Plaintiff to serve Defendant properly. (ECF No. 4). After no activity for five and half months, on March 11, 2026. the Court issued an Order to Show Cause (ECF No. 6) because the Court had no indication that Defendant had been served within the 90-day time period prescribed by Fed. R. Civ. P. 4(m).

Despite the Court ordering a response to its Order to Show Cause by March 25, 2026, Plaintiff did not file a response until April 25, 2026 due to an "administrative error." (ECF No. 7). In said response, Plaintiff requested a stay of this action until July 15, 2026 so that the parties might amicably resolve the matter. *Id*. Plaintiff also indicated that Defendant had been served, but service was not filed of record. In light of these representations, the Court ordered that the parties provide a joint status report by July 15, 2026. (ECF No. 8).

On July 15, 2026, Defendant filed a status report indicating the following:

> Amazon's counsel has repeatedly attempted to contact Tenikle's counsel regarding this dispute, arbitration, and the Court's requirement to provide a joint status report—both via email and phone calls. Specifically, counsel has emailed Tenikle's counsel on April 27, May 6, May 19, May 28, June 15, June 22, June 25, and July 2, with multiple calls during the same period. Despite these attempts, and the Court's clear April 27, 2026 Order, Tenikle has not provided a substantive response to Amazon's emails or any information necessary to provide the Court with "a joint proposal" as to next steps, despite representations that it would.

(ECF No. 11 at ¶ 6). The Court thereafter issued an Order to Show Cause regarding delays and Plaintiff's lack of response to defense. (ECF No. 12). A response date to said order was set for July 30, 2026. *Id*. On July 30, 2026, Plaintiff moved for an extension on the Order to Show Cause. (ECF No. 13). Said Motion contained no certificate of conferral or other indication that defense counsel consented or opposed the extension. *Id*. On August 2, 2026, the Court ordered that it would not rule on said motion "until a certificate of conferral or defense's position on said position is communicated." (ECF No 14). Despite the Court's directive, Plaintiff again filed a motion for extension without representations of conferral, defense's position, or even an attempt to communicate with defense counsel. (ECF No. 15). On August 10, 2026, the Court again indicated that it would not rule on these motions without conferral and admonished that "[c]ontinued failure to file requests for extensions without indicating conferral with opposing counsel will result in dismissal or other sanctions this Court deems appropriate." (ECF No. 16). Despite the Court's admonishments, Plaintiff again moved for extensions on August 13, 2026 and August 14, 2026, without certificate of conferrals. (ECF Nos. 18 and 19).

Therefore, based upon this history of delay, poor or absent communication with defense counsel, and willful disregard of basic Court directives, the Court finds that dismissal is warranted under the *Poulis* factors. Accordingly, Plaintiff's Complaint is hereby dismissed. The clerk will mark this case closed.

BY THE COURT:

MARILYN J. HORAN
United States District Judge