IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TENIKLE LLC, | ) | |
| | ) | |
| | ) | 2:25-CV-01415-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMAZON.COM, INC., et al | ) | |
| | ) | |
| Defendants, | | |

OPINION AND ORDER

On August 17, 2026, this Court dismissed the within action based upon Plaintiff's continued failure to follow procedural rules and this Court's Orders. (ECF NO. 20). On September 14, 2026, Plaintiff moved for reconsideration and moved to alter judgment under Fed. R. Civ. P. 59(e)[1]. (ECF No. 22). The matter is now ripe for decision.

Upon consideration of Plaintiff's Motion for Reconsideration (ECF No. 22), Defendant's Brief in Opposition (ECF No. 26), and for the following reasons, Plaintiff's Motion for Reconsideration will be denied.

**I. Relevant Standard**

"The scope of a motion for reconsideration [...] is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the

[1] Plaintiff contemporaneously filed a notice of appeal with the United States Court of Appeals for the Federal Circuit. (ECF No. 27). The Federal Circuit has deactivated the appeal until disposition of this Motion. (ECF Nos. 29 and 30).

following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

**II. Discussion**

In its dismissal Order, the Court evaluated dismissal pursuant to the factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphases added and omitted). "[N]o single ... factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

Under the first factor, Tenikle argues that it is not responsible for the delays, as they are product of the actions of counsel.

Under the second factor, Tenikle contends that Defendants are not prejudiced because they were timely served with process, have requested multiple extensions, and have failed to file an answer to the Complaint. Defendants counter that Tenikle has not demonstrated that it (1) obtained an issued summons bearing the clerk's signature and Court's seal, *see* Rule 4(a)(1), (b); or (2) served that summons along with a copy of the Court's order on all Defendants, *see* Rule 4(c)(1). (ECF No. 4). Defendants note that Tenikle failed to file a revised version of the summons after the Court struck the first one containing misrepresentations, and the clerk never issued a valid summons. Defendants maintain that the document allegedly "served" by Tenikle was an unsigned summons and Complaint to a single defendant without a copy of the Court's

order as required. Thus, Defendants contend that Tenikle's argument, that Amazon has shared blame, is without merit.

Under the third factor, Tenikle maintains that the case has been pending for less than a year, and any delays are a shared responsibility of the parties. Under the fourth factor, Tenikle asserts that there is no evidence that it has delayed the proceedings willfully or in bad faith. In response to these arguments, Defendants maintain that Tenikle received multiple notices that its case would be dismissed if it failed to comply with the Court's orders. Defendants further contend that Tenikle repeatedly ignored the Court's directives and treated its orders as mere suggestions. Finally, Defendants argue that Tenikle has not provided any justification from Tenikle or its counsel for repeatedly ignoring the Court's orders and procedures.

Under the fifth factor, Tenikle argues that there is no basis in the record for concluding that a lesser sanction would not be effective. Defendants contend that Tenikle's continued refusal to provide accurate information and abide by the Court's orders confirms that dismissal is warranted and the appropriate remedy.

Finally, under the sixth factor, Tenikle contends that meritoriousness of its claim does not warrant dismissal.

Here, at its core, Tenikle's Motion for Reconsideration fails to outline "an intervening change in controlling law," "new evidence," or "clear error of law or fact." Without such arguments, the Court is not obligated to revisit its dismissal decision. Nevertheless, Defendants' counterpoints to Tenikle's *Poulis* arguments are well-taken and confirm the Court's original analysis under *Poulis*. Tenikle has not persuaded the Court that it erred in dismissing the case or that reconsideration is warranted under Rule 59(e).

Accordingly, Tenikle's Motion for Reconsideration is denied.

Dated: October 14, 2026

BY THE COURT:

MARILYN J. HORAN
United States District Judge